Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 150
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Specially Appearing As Attorney for Defendant, RON COOK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>RON COOK,<br>Defendant. | Case No.: 1:26 CR 215 KES/EPG<br><br>DEFENDANT'S BRIEF REGARDING PRETRIAL RELEASE - REVOCATIO OF DETENTION ORDER<br><br>Date: December 7, 2026<br>Time: 9:00 a.m.<br>Location: Hon. Kirk E. Sherriff |

## Summary of Argument

When this Court conducts its *de novo* bail review, Mr. Cook should be ordered released as recommended by the PreTrial Services Office. Mr. Cook is a 58-year-old man with no criminal record and life-long family ties to the community. He does not have substance abuse issues but does have significant health concerns.

Mr. Cook is charged with nonviolent offenses. The government acknowledges that he has been aware of the underlying investigation since late 2024 and did not attempt to flee. Although the PreTrial Services Office recommends Personal Recognizance Release, significant resources are available for bail if needed. Because Mr. Cook presents neither a serious risk of flight nor a serious risk of obstruction of justice, he is entitled to release.

## Procedural and Factual Background

Since at least late 2024, Mr. Cook has been aware of the underlying federal criminal investigation. *Govt's Brief,* Document 9, p. 1, L.22. Mr. Cook has been represented by counsel in related civil proceedings and Mr. Hammerschmidt has communicated with the United States Attorney's Office on a regular basis since 2024. Defense proffer.

On October 29, 2026, the government obtained a sealed indictment in this case. Document 1. On November 2, 2026, federal agents arrested Mr. Cook. PTSO report p. 1. That arrest took place at Mr. Cook's Fresno office. Defense proffer.

Mr. Cook was arraigned on November 3, 2026 and a detention hearing was held that day. Docket 10. Mr. Cook was ordered detained as a flight risk, a risk of obstruction of justice, and as a danger to the community. Detention Order, Document 12.

## ARGUMENT

### 1. General Principles

This Court conducts a *de novo* review of a Magistrate Judge's release or detention order. *United States v. Koenig,* 912 F.2d 1190, 1191-92 (9th Cir. 1990).

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Any doubts about the propriety of release should be resolved in favor of the defendant. *U.S. v. Townsend,* 897 F.2d 989, 994 (9th Cir. 1990).

2. <u>The Government Can Not Prove That Mr. Cook Presents A Serious Flight Risk</u>

A serious risk of flight must be proven by a clear preponderance of evidence. *United States v. Motamendi,* 767 F.2d 1403, 1406-07 (9th Cir. 1985).

This Court's obligation "is to identify and impose the least restrictive combination of conditions that will reasonably assure – not guarantee – the defendant's appearance as required and the safety of any other person and the community while the defendant is on release." *United States v. Betford,* 816 F.Supp.3d 624, 632 (N.D. Tx. 2026). The weight of the evidence regarding the charged offense is the least important factor in the detention/release analysis. *United States v. Townsend*, 897 F.2d at 994.

Mr. Cook has strong ties to this area. His primary home, his family, and his business are here. PTSO report p. 1-3. Mr. Cook will accept any conditions the Court finds appropriate. He is willing to surrender his passport, he is willing to participate in location monitoring, accept travel restrictions, etc. PTSO report p. 4. Perhaps most significantly, Mr. Cook did not attempt to flee even though he was aware of the ongoing federal criminal investigation for about two years.

The PTSO properly recommended personal recognizance release. Mr. Cook is also willing to post significant security if the Court finds that appropriate.

3. <u>The Government Can Not Prove That Mr. Cook Presents A Serious Risk Of Obstructing Justice</u>

The government must prove detention factors such as a serious risk of obstructing justice by a clear preponderance of evidence. *United States v. Motamendi,* 767 F.2d at 1406-07. The government has presented facts to establish that Mr. Cook poses a serious risk of obstructing justice. Mr. Cook has known about the underlying criminal investigation for two years. The government has not pointed to any interference with the investigation during that time.

Assuming the government brought this case in good faith, the government believes it already has the necessary evidence - documents and witnesses - in hand to convict Mr. Cook. The government has not specified any way that Mr. Cook could obstruct this case; how he could destroy documentary evidence. There is no showing that Mr. Cook presents a serious risk to "threaten, injure, or intimidate" a witness or juror as contemplated by the Bail Reform Act. The government can not prove that Mr. Cook poses a serious risk of obstructing justice.

4. Mr. Cook Can Not Be Detained As A Danger

"The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes. *See* 18 U.S.C. § 3142(f) (detention hearings available if case involves crimes of violence, offenses for which the sentence is life imprisonment or death, serious drug offenses, or certain repeat offenders). *United States v. Salerno*, 481 U.S. at 747. The Bail Reform Act at 18 U.S.C. Sec 3142 (f)(1) , limits detention as a danger to defendants charged with or previously convicted of certain specific offense. The Bail Reform Act, in pertinent part, provides:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community--
>
> **(1)** upon motion of the attorney for the Government, in a case that involves--
>
> **(A)** a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> **(B)** an offense for which the maximum sentence is life imprisonment or death;
> **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
> **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or

> more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>
> **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; <u>**OR**</u>
>
> **(2)** upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
>
> **(A)** a serious risk that such person will flee; or
>
> **(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.
>
> 18 U.S.C. § 3142(f) (Emphasis added.)

This case does not involve any of the offenses or other factors enumerated in §3142(f)(1). Because no (f)(1) factor is present in this case, this court cannot rely on any alleged ‘danger to the community or another person’ to detain Mr. Cook. *United States v. Twine,* 334 F.2d 987 (9th Cir. 2003); *United States v. Himler,* 797 F.2d 156, 159-6 0(3rd Cir. 1986); *United States v. Perez-Hernandez,* 806 F.Supp.3d 1144, 1149-51 (SDCA 2025); *United States v. Molina-Orantes,* 798 F.Supp.3d 1204, 1210-11 (D. Or. 2025); *but see, United States v. Spirea,* _ F.Supp.3d _, 2024 WL 4903759 at page 8-12 (D. Or. 2024).

///

///

5. Appropriate Release Conditions

None of the statutory factors which justify detention apply in this case. Neither the charged offenses nor Mr. Cook's prior history qualify under §3142(f)(1). Mr. Cook does not present a serious risk to flee or to obstruct justice as required by §3142(f)(2). Consequently, Mr. Cook is statutorily entitled to be released on his personal recognizance or upon execution of an unsecured personal bond and subject to an order that he not commit any Federal, State or local crimes and that he provide a DNA sample. 18 U.S.C. § 3142(a)(1) and (b).

If the Court is hesitant to order Mr. Cook's release on personal recognizance and without conditions beyond the statutory mandate, there are substantial financial resources available as security for Mr. Cook's appearance and compliance and Mr. Cook is amenable to whatever conditions the Court finds appropriate.

## Conclusion

Mr. Cook should be released from PreTrial detention.

Dated: November 7, 2026

Respectfully submitted,

/s Kevin Rooney
KEVIN P. ROONEY
Attorney for defendant
RON COOK